In the Matter of SEYMOUR KIRSCHNER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 9, 1981

APPEARANCES OF COUNSEL

*Donald E. Humphrey* for petitioner.

*Arnold D. Roseman* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by this court on December 23, 1953. In this proceeding to discipline him for professional misconduct, the petitioner moves to confirm the report of the Referee to whom the issues were referred for hearing and report, and the respondent cross-moves to vacate his default in appearing before the Referee and to remand the proceeding to the Referee for continued hearings.

The respondent was charged with two allegations of professional misconduct, as follows: (1) After being retained in 1973 to represent a client in the sale of her home, the respondent agreed to hold the proceeds of the sale, $47,500,

in escrow; that thereafter the respondent delivered various unspecified amounts of money to the client; that on a series of occasions the client and her new counsel made requests for an accounting of these funds; and that the respondent has neglected to render such an accounting; (2) The respondent failed to communicate or co-operate with the Rockland County Bar Association Grievance Committee and with the petitioner grievance committee in their respective investigations of the complaint against him, including a failure to comply with a judicial subpoena duces tecum.

The Referee found that the allegations contained in both charges were sustained and stated:

"No accounting has ever been given by the Respondent. No explanation has been given by Respondent. There are no denials of the charges alleged in the Petition. The purported answer of the Respondent * * * contains no denials but merely a request for an adjournment * * *

"Since the filing of the initial complaint herein, in July, 1978, Respondent has pursued a course of delay and non-cooperation. He failed to communicate with the Grievance Committee of the Rockland County Bar Association or with the Grievance Committee of the Ninth Judicial District. Such non-cooperation and dilatory tactics have continued right down to the present."

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Referee. Therefore, the petitioner's motion to confirm said report is granted and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline we have taken into consideration all of the mitigating circumstances raised by the respondent, and the fact that he is no longer practicing law. Accordingly, the respondent is suspended from the practice of law for a period of one year, commencing March 1, 1981, and until the further order of this court.

MOLLEN, P. J., HOPKINS, DAMIANI, TITONE and WEINSTEIN, JJ., concur.